UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case #11-81226-CIV-RYSKAMP\VITUNAC

CHARLES SEYMOUR, on behalf of himself and other
similarly situated employees,

    Plaintiff

vs.

UNIQUE RESTAURANT OF MIZNER
PARK, INC. d/b/a MAX'S GRILLE, a
Florida corporation, DENNIS MAX, an
individual and PATTI MAX, an individual,

    Defendants.
_____/

**MOTION FOR REMAND AND ATTORNEYS FEES, MEMORANDUM OF LAW
AND CERTIFICATE OF GOOD FAITH**

    Plaintiff, CHARLES SEYMOUR (the "Plaintiff"), on behalf of himself and other similarly situated persons, files this Motion for Remand, and states:

**Procedural History**

    On October 4, 2011, the Plaintiff filed a one-count Complaint in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida alleging violations <u>only</u> of the Florida Minimum Wage Amendment, Art. X, §24 of the Florida Constitution, and its implementing *state* statute. More specifically, the Plaintiff alleges the Defendants violated of the requirements for taking a "tip credit" against the *Florida* minimum wage. On November 4, 2011, the Defendants timely removed this case to federal court.

    In the instant Motion, the Plaintiff seeks remand of the case because there is no substantial federal question, and the Plaintiff has sought relief only under Florida law. Therefore,

under the "well-pleaded complaint rule," this case arises solely under Florida law. Defendant responds that this Court does have jurisdiction because the Complaint alleges a violation of the Fair Labor Standards Act's "tip credit" provisions. See Notice of Removal [DE 4] at ¶ 4. Thus, Defendants argue that resolution of Plaintiff's claims requires the Court to find a violation federal law. Id. at ¶ 7. There is no law supporting Defendants' contention, and other courts which have considered the removal of wholly *state law* wage and hour cases to federal court, have determined that removal is improper.

**Memorandum of Law**

Removal of a civil action from state to federal court is proper only if the action initially could have been brought in federal court. 28 U.S.C. § 1441(a). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir.1990) (emphasis added). In this case, Defendants seek removal based on federal-question jurisdiction. See Notice of Removal [DE 3] (citing to 28 U.S.C. § 1331).

Section 1331 grants federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. Although there is no mechanical test for determining when an " 'action aris[es] under' federal law,"[1] it is generally accepted that the "well-pleaded complaint [must] establish[ ] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation

---

[1] See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).

Trust for S. Cal., 463 U.S. 27-28 (1983).  "Arising under" federal-question jurisdiction is generally appropriate in two types of actions. The first, most common category, involves suits in which the plaintiff pleads a cause of action created by federal law. Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916).  In the second "slim category"[2] of cases, a plaintiff pleads a state-law cause of action that "implicate[s] significant federal issues" or "turn[s] on substantial questions of federal law," and therefore contains an "embedded federal question. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

On motion for remand, the removing party bears the burden of demonstrating federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). A party who removes a case to federal court pursuant to 28 U.S.C. § 1441 must prove that the federal district court possesses "original jurisdiction," which exists when the Plaintiff's claims arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. See Pacheco de Perez v. A T & T Co., 139 F.3d 1368, 1373 (11th Cir.1998).

Federal question jurisdiction is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 n. 7 (1987). The plaintiff is the master of the complaint, and federal question jurisdiction is only proper if the removing party can establish one of the following: 1) a federal claim is asserted on the face of the complaint; 2) under the "artful pleading doctrine," federal claims were wrongly characterized as state law claims; or 3) the state law claim requires the interpretation of federal law. Rivet v. Regions Bank, 522 U.S. 470, 475 (1998); Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 807-10, (1986); Rains v. Criterion Sys. Inc., 80 F.3d 339, 343 (9th Cir.1996). Courts must evaluate the

---

[2] Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006).

content of the complaint, and not merely review the titles a plaintiff places on his pleadings. Rains, 80 F.3d at 343 n. 2 (citing Johnson v. United States, 547 F.2d 688, 691 (D.C.Cir.1976)). In 2011, the Eleventh Circuit stated that the "well-pleaded complaint" rule instructs that a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. Madzimoyo v. The Bank of N.Y. Mellon Trust Co., 2011 WL 3911065 at *2 (11th Cir. 2011)(unpublished).

In Madzimoyo, the Eleventh Circuit stated that a federal question is presented by the complaint when the suit relies on a federal cause of action or where "the vindication of a right under state law necessarily turned on some construction of federal law." Id.  Under this analysis, federal question jurisdiction should be narrowly construed. Id. The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction, even where the interpretation of federal law may constitute an element of the state cause of action. Id. *"If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court."* Id. (emphasis added).

The fact that Florida has a series of state wage laws similar to federal wage laws does not mean that every state wage and hour claim invokes federal question jurisdiction. Under the logic used by the Defendants in their Notice of Removal, any plaintiff in state court alleging violations of the Florida Constitution's minimum wage requirements would always be subject to removal. The mere fact that state laws may govern similar subjects as federal law does not compel removal to federal court, as the Defendants seem to claim.

Other federal courts have examined the identical issue presented here: the removal to federal court of a wage and hour case brought *solely* under state law. That a plaintiff brings a state law wage and hour claim

> does not also mean that Plaintiffs' claims arise under federal law. It merely means that Plaintiffs' state law claims may be subject to dismissal under the state's laws and that federal law may be a defense to Plaintiffs' state law claims. In other words, even if Defendant has a valid defense to Plaintiffs' state law claim, which requires reference to federal law, this does not mean that Plaintiffs' claims "arise under" the Constitution or the laws of the United States.

Harper v. Massey Coal Services, Inc., 2011 WL 322558 at *5 (S.D.W.Va. 2011) (citation omitted).

In Chandler v. The Cheesecake Factory Restaurants, Inc., 239 F.R.D. 432 (M.D.N.C. 2006), a case that is *identical* to the issues now before the Court, a plaintiff challenged the defendant's ability to take a "tip credit" under state law, and specifically, the North Carolina Wage and Hour Act ("NCWHA"). The defendant removed the case from state court to district court, and the plaintiff sought to have it remanded. Therein, the court noted that the NCWHA was "modeled after the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and generally contains provisions addressing employees' rights to wages, including overtime, minimum wage, payment of wages, etc." Chandler 239 F.R.D. at 434. The court observed that the NCWHA contained references to the FLSA insofar as how tips affect the payment of minimum wages. Id. at 435. The Chandler court further noted that "[s]ince the NCWHA is expressly modeled after the FLSA, references to the FLSA are scattered throughout the NCWHA. Moreover, the NCWHA makes clear that the FLSA, rather than the NCWHA, covers certain employer-employee relationships." Id.

Analyzing the defendants' argument that removal was proper due to the existence of a federal question, the Chandler court stated:

> After considering each party's arguments, the court finds that Plaintiffs' claims do not arise under federal law. The fact that Plaintiffs may be exempt from the NCWHA, which, in turn, would mean that Plaintiffs would not have a claim under the NCWHA, does not also mean that Plaintiffs' claims arise under federal law. It merely means that Plaintiffs' state law claims may be subject to dismissal under the state's laws and that federal law may be a defense to Plaintiffs' state law claims. In other words, even if Defendant has a valid defense to Plaintiffs' state law claim, which requires reference to federal law, this does not mean that Plaintiffs' claims "arise under" the Constitution or the laws of the United States.

Id. at 437.  That court when on to note that [i]ndeed, it is well-settled that the FLSA does not completely preempt state law." Id. at 436.

Other district courts have reached an identical result.  In Corre v. Steltenkamp, 2006 WL 2385352, *1 (E.D.Ky.), the plaintiff, Corre sued a defendant for unpaid minimum wages arising under Kentucky law.  The defendants removed Corre's action to the Eastern District of Kentucky on the grounds that the plaintiff had stated in her complaint that the defendants had "failed to pay plaintiff minimum wage or overtime pay pursuant to federal law." Id.  The defendants argued that such a statement implicated a claim under the FLSA. Id.  Plaintiff maintained in her response that she was asserting claims only under state law, not federal, and that none of the relief she sought was for a violation of federal law.  Id.

The Corre court stated that Plaintiff had only asserted claims under state law, but "had Plaintiff actually pled a claim for relief for violation of the FLSA, the action would have been removable."  Id. (citing Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003)).  The Corre court found it relevant that the plaintiff had not expressly asserted a separate count or claim under the FLSA or any other federal law.  Corre, 2006 WL 2385352 at *2. The mere recitation of the "FLSA" in the complaint was merely a "passing reference to federal law." Id. (citing Technical Rubber Co. v. Buckeye Egg Form, L.P., 2000 WL 782131, at *3 (S.D.Ohio 2000) (passing reference that defendants violated state and/or federal law, where claims actually

asserted in complaint were state law only, was insufficient to provide original federal question jurisdiction for removal)).  The Corre court stated that any confusion created by the mere passing reference to the FLSA in a state law complaint, was clarified in the plaintiff's motion for remand that no federal claims were being made.  Id.  "Although federal law might be consulted or referred to in interpreting the [parties' employment] contract, it does not govern the action." Id. at *4.

A similar result was reached in the district courts of California which have analyzed the removal of purely state law wage claims.  In Leo v. Alameda Medical Center, 2006 WL 2669001 (N.D.Cal. 2006), a plaintiff challenged a defendant's wage payment practices under the California Labor Code.  The Leo court concluded that " [a] reference in the complaint to the FLSA is insufficient to create federal subject matter jurisdiction."  Leo 2006 WL 2669001 at *2.  As applied to the instant situation, the Leo court found that it was a state, not federal law, that created the plaintiff's cause of action.  Id.   "When a claim can be supported by alternative and independent theories-one of which is a state law theory and one of which is a federal law theory-federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  Id.

Another case, virtually identical to the case at bar, occurred in Moser v. Papadopoulos, 2011 WL 2441304 (E.D.Pa. 2011) (Slip Copy).  The plaintiff in that case, a Pennsylvania resident, filed a putative class action in the Pennsylvania Court of Common Pleas, alleging that he and over 150 co-workers were not properly compensated by a defendant for overtime.  Id. at *1.  In the two-count complaint, that plaintiff asserted state-law claims under the Pennsylvania Wage Payment and Collection Law ("WPCL").  Id. at *1.  The WCPL claim alleged that the defendant failed to pay overtime wages in violation of the Pennsylvania Minimum Wage Act

("PMWA") *and* the Fair Labor Standards Act ("FLSA"). Id. at *1.  Notably, the Moser plaintiff did not seek relief pursuant to the FLSA; rather, he sought to recover the wages Defendants were statutorily obligated to pay (under federal and state law) under the Pennsylvania Wage and Collection Law. Id.  Precisely like the present case before the court, the defendant in Moser argued that the alleged FLSA violation was an "essential element" of Plaintiff's state-law claim and thus the WPCL claim conferred subject matter upon the district court. Id.

The Moser court found that the FLSA was neither a "necessary" nor a "substantial issue" for purposes of federal question jurisdiction. Id. at *4.  That court, in fact, found that under the circumstances presented, none of the Grable requirements which confer federal question jurisdiction, were present.  Id. (citing Grable, 545 U.S. at 314).

Based on the Notice of Removal presently before the Court, it appears that the Defendants will only be raising a federal issue as a *defense* to the Plaintiff's state law minimum wage claim.  To be sure, the Defendants will claim they *were* entitled to take a tip credit in response to Plaintiff's state law minimum wage claims, thereby creating a defense to liability. It is well-established, however, that a federal defense does not provide a basis for removal, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Here, because the Plaintiff has pleaded only state-law causes of action, the Court's jurisdiction inquiry is whether Plaintiff's complaint contains an embedded-federal question.  A cursory review of the Complaint reveals that there is no such federal issue embedded in the Complaint.  To be sure the Plaintiff filed his action in state court for *Florida* minimum wage claims, and is pursuing a Rule 1.220 Florida Rule of Civil Procedure class action on behalf of

himself and other similarly situated employees. There is no federal claim and the Plaintiff does not seek to implicate a federal claim.

That state laws are modeled on federal statutes does not mean that those cases must be removed to federal court. By analogy, the State of Florida's civil rights laws in many respects, mirror their federal counterparts.

In <u>Frey v. Amor Correctional Health Services</u>, 2006 WL 4535802 (S.D.Fla. 2006), an African-American female plaintiff brought racial discrimination claims against a defendant under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.* ("FCRA") because of Defendant's failure, <u>inter alia</u>, to pay Plaintiff the same wages as similarly situated non-black employees. <u>Frey</u> 2006 WL 4535802 at *1. Among other things, the Frey plaintiff also claimed she was terminated in violation of the Florida Whistleblower's Act ("FWA"), Fla. Stat. § 448.101. <u>Id.</u> The defendant in that case removed to federal court claiming federal jurisdiction because the plaintiff's complaint contained the following paragraph: "The Defendant subjected Frey to race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and Florida Statutes 760.01 *et seq.*" <u>Id.</u> Additionally, the defendants alleged that resolution of Plaintiff's claims required the Court to interpret Title VII and/or § 1981. <u>Id.</u>

The <u>Frey</u> court rejected the defendants assertions, finding that mere reference to a federal statute in a complaint does not, *ipso facto*, invoke federal question jurisdiction:

> Plaintiff only seeks relief under the FCRA and the FWA. Plaintiff has not asserted a federal claim on the face of the Complaint. Despite the statement in Plaintiff's Complaint that Defendant "subjected Frey to race discrimination and retaliation in violation of Title VII ... [and] § 1981," Plaintiff does not seek relief under either of the federal statutes. Rather, Plaintiff seeks damages pursuant only to the FCRA and the FWA.

<u>Frey</u> 2006 WL 4535802 at *2.

Notably, the Frey court stated that the "artful pleading doctrine" was inapplicable to a situation where the plaintiff sets forth claims explicitly under state statutes. Id. "As the master of the complaint, a plaintiff may avoid federal jurisdiction by relying exclusively on state law when both federal and state law remedies are available." Id. (citing Caterpillar, 482 U.S. at 392). That court went on to add that

> Plaintiff seeks relief under only the FCRA and the FWA. These statutes aim to provide Florida's citizens with protection against discrimination and retaliation. . . .These protections are afforded to Florida's residents independent of similar rights provided under federal law. Therefore, Plaintiff did not attempt to characterize a federal claim as a state law claim in order to avoid federal question jurisdiction. Rather, Plaintiff made an affirmative choice to seek relief under state, not federal, law.

Id. The Frey court also determined that although federal law can be used to aid Florida's court in interpreting the FCRA, it does not follow that courts must interpret federal law in order to decide a claim for violation of the FCRA. Id. at *3. Judge Cohn held that while the FCRA was patterned after Title VII, the FCRA is properly viewed as an independent cause of action. Id.

By analogy, just as 42 U.S.C. § 2000e-7 expressly states that Title VII is not intended to preclude plaintiffs from bringing independent state law claims, see id., the Fair Labor Standards Act specifically permits states to create even stronger wage payment requirements. In the FLSA's savings clause, it states "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek established under this chapter." 29 U.S.C. 218(a) (emphasis added). Thus, Congress specifically envisioned that states could *and would* develop their own, more restrictive, wage statutes.

Finally, the defendant in Frey argued that federal law was an essential element of each of Plaintiff's claims, which the court, ultimately, rejected. See id. at *2. Judge Cohn specifically held that in light of the narrow interpretation of federal jurisdiction and the preference for remand in doubtful situations, the Plaintiff can, as the master of the complaint, seek to avoid federal jurisdiction. Id. The court held that "[i]f this Court were to adopt Defendant's contention, it would follow that federal courts would have original jurisdiction over all FCRA and FWA cases."

The Plaintiff in the instant case seeks to allege claims solely under Florida law, and if this were not clear to the Defendants, the Plaintiff repeats it, now. The Court should remand this case back to the Palm Beach Circuit Court for the reasons set forth herein.

### The Court Should Award Plaintiff Attorneys' Fees

There is simply no sound legal basis for the Defendants to have removed this case to federal court. Pursuant to 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Here, other federal courts have rejected the precise basis on which the Defendants seek removal. Those courts have squarely rejected removal of minimum wage and overtime cases when they were brought only under state law, as is the case, here. Because the Plaintiff has incurred significant fees in having to respond to the Notice of Removal ($4,375.00; as determined by 12.5 hours x $350.00 lodestar rate), the Plaintiff respectfully requests this Court require the Defendants to reimburse Plaintiff for these fees.

WHEREFORE, the Plaintiff, on behalf of himself and other employees similarly situated request this Motion be GRANTED, that the case be remanded to the Palm Beach Circuit Court, that Defendants be required to pay Plaintiffs' fees/costs in the amount of $4,375.00, and grant all

other relief deemed appropriate.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        1930 Tyler St.
        Hollywood, Florida  33020
        Telephone: (954) 922-2298
        Facsimile: (954) 922-5455
        peter@boberlaw.com
        Counsel for Plaintiff

        _s/. Peter Bober_____

## CERTIFICATE OF GOOD FAITH

Pursuant Local Rule 7.3(b), counsel for Plaintiff certifies that he attempted to confer in good faith in the manner outlined in Local Rule 7.1(a)(3) to resolve the issue presented herein. The parties conferred, however, the Defendant maintains that removal is proper, and therefore, do not agree to a remand.

        _s/. Peter Bober_____

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s./ Peter Bober_____

SERVICE LIST

Peter Bober, Esq.
BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com
Counsel for Plaintiff

Lori Adelson, Esq.
RUDEN MCCLOSKY P.A.
Florida Bar No. 0196428
200 East Broward Boulevard
15th Floor
Fort Lauderdale, Florida  33301
Telephone: (954) 527-6240
Fax: (954) 333-4240
Email: Lori.Aldeson@ruden.com
Attorney for Defendants